# Office of Disciplinary Counsel v. Jurikson

Disciplinary Board Docket no. 128 D.B. 2000.

RUDNITSKY, *Member,* September 19, 2003—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On October 23, 2001, petitioner, Office of Disciplinary Counsel, filed a petition for discipline against Mark Jurikson, respondent in these proceedings. The petition charged respondent with violation of the Rules of Professional Conduct and Rules of Disciplinary Enforcement as a result of his failure to appear before the Disciplinary Board for a private reprimand.

A disciplinary hearing was held on April 30, 2002, before Hearing Committee 2.10 comprised of Chair Steven H. Berkowitz, Esquire, Member Anna M. Durbin,

Esquire, and Alternate Member Lindley M. Cowper-thwait Jr., Esquire. Respondent appeared pro se.

The committee filed a report on February 12, 2003, and recommended that respondent be suspended for a period of 13 months. Member Durbin filed a separate opinion on February 19, 2003, wherein she recommended that a period of probation and a practice monitor be conditions to respondent's reinstatement to the bar.

No briefs on exception were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting of May 14, 2003.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is situated at Suite 1400, 200 North Third Street, Harrisburg, PA 17101, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent was born in 1948 and was admitted to practice law in Pennsylvania in 1974. His registration address is 1537 Foxbury Road, Maple Glen, PA 19002.

(3) On October 4, 2000, the Disciplinary Board ordered respondent be subjected to a private reprimand for his violation of Rules of Professional Conduct 1.1, 1.3, 1.4(a) and (b), 3.2, 5.5(b), 8.4(c) and (d) and Rule 217 of the Pennsylvania Rules of Disciplinary Enforcement for

misconduct in his representation of Helen O'Neal. The O'Neal representation resulted in a judgment of non pros because respondent failed to comply with a discovery request on November 9, 1996, despite numerous court orders.

(4) On December 12, 2000, a notice scheduling the private reprimand for January 17, 2001, was mailed to, and received by, respondent.

(5) On January 16, 2001, respondent called Elaine Bixler, executive director and secretary to the board and requested a continuance for personal health reasons. This continuance request was granted.

(6) On April 26, 2001, respondent received notice of a rescheduled private reprimand for May 23, 2001.

(7) Respondent did not appear for the private reprimand on May 23, 2001.

(8) On June 14, 2001, Disciplinary Board Chair Angelo L. Scaricamazza Jr. directed respondent to provide good cause for his failure to appear.

(9) Respondent did not respond to this letter.

(10) Respondent was involved in an automobile accident in January 1992 in which he suffered an injury to his back, requiring conservative and then surgical intervention.

(11) Respondent has been determined "disabled" under the long-term disability policy of the Philadelphia Bar Association and has been paid monthly benefits since February 3, 1992.

(12) Respondent explained that on the day of the private reprimand, he was unable to get up and move and spent the day sleeping. He did not think of the private

reprimand until the afternoon. Respondent stated that "it totally escaped me."

(13) Respondent did not respond to letters and correspondence with petitioner because he wished that everything would go away.

(14) The record in this matter was kept open for the submission by respondent of a detailed doctor's report. Respondent never submitted the report.

(15) By order dated July 16, 1996, respondent was placed on inactive status by the Supreme Court of Pennsylvania for failure to meet CLE requirements.

(16) Respondent has a prior record of discipline consisting of an informal admonition in 1997.

## III. CONCLUSIONS OF LAW

By failing to appear for his private reprimand, respondent violated the following Rules of Professional Conduct and Rules of Disciplinary Enforcement:

(1) Pa.R.D.E. 203(b)(2)—Willful failure to appear before the Disciplinary Board for a private reprimand is grounds for discipline.

(2) R.P.C. 8.4(d)—It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

Respondent is conclusively deemed to have violated the following Rules of Professional Conduct in connection with the underlying acts of misconduct resulting in the imposition of the private reprimand:

(1) R.P.C. 1.1—A lawyer shall provide competent representation to a client.

(2) R.P.C. 1.3—A lawyer shall act with reasonable diligence and promptness in representing a client.

(3) R.P.C. 1.4(a)—A lawyer shall keep a client informed about the status of a matter and promptly comply with reasonable requests for information.

(4) R.P.C. 1.4(b)—A lawyer shall explain a matter to the extent necessary to permit the client to make informed decisions regarding the representation.

(5) R.P.C. 3.2—A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

(6) R.P.C. 5.5(b)—A lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction.

(7) R.P.C. 8.4(c)—It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

(8) R.P.C. 8.4(d)—It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

(9) Rule 217, Pa.R.D.E., in part, regarding formerly admitted attorneys and their obligation to notify all clients and other persons to whom a fiduciary duty is or may be owed after transfer to inactive status. Furthermore, formerly admitted attorneys have an obligation to file a statement of compliance with the office of secretary to the Disciplinary Board demonstrating such notification.

## IV. DISCUSSION

This matter is before the Disciplinary Board on a petition for discipline charging respondent with misconduct due to his failure to appear before the board for a private reprimand. Respondent entered into a joint stipulation of fact and admitted his misconduct.

Respondent appeared at the hearing and testified on his behalf. He described his history of back pain due to an automobile accident in 1992. His stated reason for failing to appear before the board was that on the day in question he was in too much pain to move, and so slept through the day and did not recall that the reprimand was scheduled until that afternoon. He did not communicate with the board subsequent to his failure to appear. Respondent was given the opportunity to put on the record a detailed doctor's report documenting his back pain. In fact, it was respondent's suggestion that he be permitted to do so. A schedule was set regarding the submission of the doctor's report; however, respondent failed to submit the report and the committee closed the record.

The history of this proceeding is a showcase for respondent's lack of interest in his professional license. This matter commenced with respondent's inaction on a client matter which resulted in the board determination that a private reprimand was warranted. A reprimand was scheduled for January 17, 2001, and was rescheduled, at respondent's request, for May 23, 2001. By failing to appear at the rescheduled private reprimand, this matter has burgeoned into a quite serious case. Respondent had opportunities to resolve this matter quickly and somewhat painlessly, and instead, by his inactivity, now faces loss of his license. Compounding respondent's behavior is his inexplicable failure to submit his doctor's report documenting his condition. The Hearing Committee attempted to assist respondent in mitigating his case, but respondent failed to grasp the opportunity.

The evidence of record clearly shows that respondent is not fit to practice law and is not able to fulfill his du-

ties to the profession at this time. The record is devoid of any mitigating evidence to persuade the board that a sanction less than suspension is warranted. For these reasons, the board recommends that respondent be suspended for a period of one year and one day. This length of suspension will further ensure that respondent is physically fit to resume the practice of law, should he desire to do so.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that the respondent, Mark Jurikson, be suspended from the practice of law for a period of one year and one day.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Members Cunningham and Stewart recuse themselves in this matter.

Board Member Sheerer did not participate in the May 14, 2003 adjudication.

## ORDER

And now, December 9, 2003, upon consideration of the report and recommendations of the Disciplinary Board dated September 19, 2003, it is hereby ordered that Mark Jurikson be and he is suspended from the bar of this Commonwealth for a period of one year and one day, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.